UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---

Martin Stein and Susan Stein

Plaintiffs,

v.

**MEMORANDUM AND ORDER**
Civil File No. 00-1659 (MJD/JGL)

John Kinnard & Co.; and
Josephthal Lyon & Ross, Inc., n/k/a
Josephthal & Co., Inc.

Defendants.

---

Emmett J. McMahon and John P. Morgan, Robins, Kaplan, Miller & Ciresi, L.L.P. on behalf of Plaintiffs.

Frank A. Taylor and Patrick A. Reinken, Hinshaw & Culbertson, on behalf of defendants Josephthal Lyon & Ross, Inc., n/k/a Josephthal & Co., Inc.

Donald R. McNeil, Smith Parker, P.L.L.P., on behalf of defendant John Kinnard & Co.

---

## INTRODUCTION

This matter is before the court on Plaintiffs' motion asking the Court to vacate an arbitral award, to rule in Plaintiff's favor on the issue of liability and to set the matter for trial on the issue of damages. Defendants also move the Court, for an order confirming the award. Plaintiffs argue that the arbitration panel manifestly disregarded clearly established Minnesota law as expressed in Opatz v. John G. Kinnard & Co., 454 N.W. 2d 471 (Minn.Ct. App. 1990). For the reasons stated below, the Court DENIES Plaintiff's motion and GRANTS Defendants' motion.



FILED 12/29/00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD DEC 29 2000
DEPUTY CLERK

## BACKGROUND

Plaintiffs are bringing this action based upon the activities of their former stock broker, David Petri, while he was employed by Defendants Kinnard & Co. ("Kinnard") and Josephthal, Lyon & Ross ("Josephthal"). Petri encouraged Plaintiffs to invest in a private investment club that he formed called K&H Investments (K&H). Plaintiffs invested over $250,000 in K&H. The investments in K&H began while Petri was an employee at Kinnard and continued when he moved to Josephthal in July 1997. In February 1999, Petri admitted that he had "lost" all the Stein's money and their principal investment would not be returned.

Alleging that they had been defrauded, Plaintiffs initiated arbitration proceedings before the National Association of Securities Dealers (NASD) against Petri, Kinnard, and Josephthal on April 19, 1999. Petri filed for bankruptcy, thereby preventing the arbitration proceeding from continuing against him and moving all proceedings against him personally to the bankruptcy court. On April 6, 2000, the United States Bankruptcy Court for the District of Minnesota entered judgment against Petri in favor of the Steins.

The arbitration proceeding continued against Defendants and a hearing was held March 13-15, 2000. Plaintiffs argued that Defendants are vicariously liable for Petri's violation of the Federal Securities and Exchange Act, the Securities Act of 1933, the Minnesota "Blue Sky" laws, Wisconsin Uniform Securities laws and the applicable rules and regulations of the NASD, NYSE, and SEC. Plaintiffs also alleged common law fraud, breach of fiduciary duty, breach of contract, conversion, and intentional, reckless or negligent infliction of emotional distress, as well as a failure to supervise Petri.

Two of the three arbitrators rejected the Stein's argument placing liability upon

Defendants Kinnard and Josephthal. In the brief statement accompanying the award, the arbitrators wrote:

> "[The] arbitrators... have great sympathy for the Steins as victims of the conduct involved in this case, but find the respondents had reasonable procedures in place, those procedures were followed, no red flags could be seen, and therefore the respondents are not responsible for the actions of the individual broker. Accordingly, the claim is dismissed on its merits." Arb. Award at 4.

Plaintiffs argue that the arbitration panel made their decision by directly disregarding established Minnesota law under Opatz. The Steins now move to vacate the award, arguing that Opatz clearly establishes an employer's vicarious liability for securities fraud, under Minn. Stat. §80A.01, committed by its agents acting within the scope of their apparent authority, regardless of any good faith the employer used to prevent or avoid the fraudulent actions.

**DISCUSSION**

I. Standard of Review

Judicial review of an arbitral award is extremely limited. See UHC Management Co., Inc., v. Computer Sciences Corp., 148 F.3d 992, 998 (8th Cir. 1998). The Federal Arbitration Act was created to provide an alternative to judicial resolution of disputes, not merely to provide another level of review. See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985); 9 U.S.C. §1-14. The Eighth Circuit recognized this limitation in an often-cited interpretation of the Act: "We may not set an award aside simply because we might have interpreted the agreement differently or because the arbitrators erred in interpreting the law or in determining the facts." Stroh Container Co. v. Delphi Indus. Inc., 783 F.2d 743, 751 (8th Cir. 1986), cert den. 476

U.S. 1141 (1986).

Section 10 of the Federal Arbitration Act (FAA) outlines the four grounds on which an arbitral award may be vacated by a district court. 9 U.S.C. §10. The statute provides:

> In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration–
> (1) Where the award was procured by corruption, fraud or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.
> (3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
> (4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made. 9 U.S.C. §10.

Beyond those four grounds, an arbitral award may be set aside by the Court only if it is in "manifest disregard" of the law. See Kiernan v. Piper Jaffray Co., Inc., 137 F.3d 588, 594 (8th Cir. 1998). While some courts have suggested additional extra-statutory grounds for vacating an award, the Eighth Circuit thus far has limited its review to the Section 10 grounds and manifest disregard standards. See id.; Hoffman v. Cargill, Inc., 59 F.Supp. 2d 861 (N.D. Iowa 1999)(applying "fundamental unfairness" review to the arbitration proceedings only).

Manifest disregard of the law exists when the error of law is so obvious that the average person qualified to serve as an arbitrator would have instantly noticed it. See Marshall v. Green Giant Co., 942 F.2d 539, 550 (8th Cir. 1991), quoting Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933 (2d Cir. 1986). The moving party must show that the arbitrators were aware that the law governed the case, but

chose to ignore it. See id. "[T]here must be some showing in the record, other than the result obtained, that the arbitrators knew the law and expressly disregarded it." O.R. Secs. v. Professional Planning Assoc., Inc., 857 F.2d 742, 747 (11th Cir. 1988), quoted in Marshall, 942 F.2d at 550.

Arbitrators are not required to provide explanations of their decisions. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 598 (1960); Stroh Container, 783 F.2d at 750. Where a detailed explanation is not provided by the arbitrators, the written award alone will not provide an adequate basis for finding manifest disregard of the law. See id.; Card v. Stratton Oakmont, Inc., 933 F.Supp. 806, 816 (D. Minn. 1996); Raiford v. Merrill Lynch, Pierce, Fenner & Smith, 903 F.2d 1410, 1413 (11th Cir. 1990).

II. Analysis

Plaintiffs argue that the arbitrators' decision manifestly disregarded controlling law, namely Opatz, 454 N.W. 2d 471. They contend that under Opatz, vicarious liability under common and statutory law attaches to employers of persons acting within the scope of their authority. See id. at 475. Further, they argue, under Opatz, the good-faith exception for control person liability under Minnesota law does not apply to an employer's common law responsibility for vicarious liability for the misconduct of its employees within the scope of the employee's authority. See id.; Minn. Stat. §80A.23, subd. 4. Plaintiffs argue that the evidence clearly showed Petri's conduct was committed while within the scope of his authority, and therefore, the only way the panel could have determined that there was no liability is to have ignored Opatz.

The Court finds that Plaintiffs have not established that the arbitration panel

acted with manifest disregard of the law in dismissing the claim on its merits. Contrary to Plaintiff's assertions, the text of the award itself does not demonstrate that the panel considered and rejected Opatz. Without some explanation of the reasoning and analysis applied, "it ....cannot be said that it clearly appears that the arbitrators identified applicable law and proceeded to reach a contrary position in spite of it. Nor does that absence of express reasoning by the arbitrators support the conclusion that they disregarded the law." Stroh Container, 783 F.2d at 750; see also Card, 933 F.Supp. at 816.

Furthermore, the holding of Opatz rests on a finding that the agent was acting within the scope of his authority, either actual or apparent. See Opatz, 454 N.W. 2d at 474. The Court is not convinced that the arbitrators in this case must have made this finding, as Plaintiffs suggest, simply because they expressed "great sympathy for the Steins as victims of the conduct involved in this case," or because they found that Defendants saw "no red flags." See Mem. in Supp. of Mot. to Vacate Arb. Award at 6. As discussed *infra*, the arbitrators are not required to explain their decision, and the reviewing court is not permitted to infer the arbitrator's rationale. See Stroh Container, 783 F.2d at 750, citing Sobel v. Hertz, Warner & Co., 469 F.2d 1211, 1214 (2d Cir. 1972). Plaintiffs have not provided the Court with enough evidence to demonstrate that actual or apparent authority was found by the arbitrators.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to vacate the arbitral award be DENIED.

2. Defendants' motion to confirm the arbitral award be GRANTED.

Let judgment be entered accordingly.

Dated: Dec. 29, 2000.

Michael J. Davis
United States District Court Judge

Martin Stein and Susan Stein
v. John G. Kinnard & Co. and
Josephthal, Lyon & Ross, Inc.
Civil No. 00-1659

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information must be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

Forms/8thcircuitprehearingconf.wpd